UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSHUA ASHMORE,**

    **Plaintiff,**

v.                                     **Case No. 8:22-cv-1932-AAS**

**KILOLO KIJAKAZI,**
**Acting Commissioner,**
**Social Security Administration,**

    **Defendant.**
_____/

## ORDER

Plaintiff Joshua Ashmore requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the hearing before the Administrative Law Judge (ALJ), the administrative record, and the parties' briefs, the Commissioner's decision is **AFFIRMED.**

**I.    PROCEDURAL HISTORY**

Mr. Ashmore applied for DIB and SSI on June 5, 2020, alleging a disability onset date of May 21, 2020. (Tr. 291–300). Disability examiners denied Mr. Ashmore's application initially and on reconsideration. (Tr. 147–

1

52, 184–199). Following a hearing, the ALJ issued a decision unfavorable to Mr. Ashmore on March 17, 2022. (Tr. 7–31). The Appeals Council denied Mr. Ashmore's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1–6). Mr. Ashmore now requests judicial review of the Commissioner's decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Mr. Ashmore was twenty-seven years old on his alleged disability onset date and the date he applied for social security benefits. (Tr. 90, 102). Mr. Ashmore has a GED and past work experience as warehouse associate. (Tr. 109, 144, 710).

### B. Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] he is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his physical or mental ability to perform

---

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.972.

2

basic work activities, he has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] *Id.* Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing work that exists in the national economy, he is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ determined Mr. Ashmore had not engaged in substantial gainful activity since May 21, 2020, his alleged disability onset date. (Tr. 12). The ALJ found Mr. Ashmore has these severe impairments: bipolar disorder, autism spectrum disorder, generalized anxiety disorder, and panic disorder. (Tr. 13). However, the ALJ concluded Mr. Ashmore's impairments or combination of impairments fail to meet or medically equal the severity of an

---

[3] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

impairment in the Listings. (*Id.*).

The ALJ found Mr. Ashmore had an RFC to perform a full range of work with these non-exertional limitations:

> [Mr. Ashmore] is able to perform simple, routine, repetitive tasks; able to understand, remember, and carry out simple instructions; limited to work that requires occasional changes in the work setting; unable to meet fast paced, high production demands; and limited to work that requires occasional interaction with the public, coworkers, and supervisors.

(*Id.*).

Based on these findings and the testimony of a vocational expert (VE), the ALJ determined Mr. Ashmore could not perform his past relevant work. (Tr. 23). The ALJ then determined Mr. Ashmore could perform other jobs existing in significant numbers in the national economy. (Tr. 32–24). Specifically, Mr. Ashmore could perform the jobs of hand packager, cleaner, and small products assembler. (*Id.*). As a result, the ALJ found Mr. Ashmore was not disabled from May 21, 2020, through the date of the decision. (Tr. 24–25).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied the correct legal standards and whether substantial evidence supports

his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). There must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Phillips*, 357 F.3d at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

**B.     Issues on Appeal**

Mr. Ashmore raises three issues on appeal: (1) whether the ALJ failed to properly consider the medical opinions of Fred Alberts, Ph.D., and the state agency psychological consultants' prior administrative findings (Doc. 22, pp. 3–12); (2) whether the ALJ failed to include all Mr. Ashmore's limitations in the RFC assessment (*Id.* at pp. 12–18); and (3) whether the ALJ failed to properly account for Mr. Ashmore's subjective complaints and his mother's testimonial statements (*Id.* at pp. 18–20).

### 1. Whether the ALJ properly evaluated the medical evidence.

Mr. Ashmore argues the ALJ failed to properly consider the medical opinions of Dr. Alberts and the state agency psychologists Jeffrey Prickett, Psy.D. and Eric Wiener, Ph.D. (Doc. 22, pp. 3–12). In response, the Commissioner contends the ALJ properly considered the medical opinion evidence in reaching his RFC assessment. (Doc. 24, pp. 3–15).

Under the revised regulations, an ALJ will not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The new regulatory scheme "forbids administrative law judges from 'defer[ring] or

giv[ing] any specific evidentiary weight, including controlling weight, to any medical opinion(s),'" *Harner v. Social Security Administration*, Comm'r, 38 F.4th 892, 898 (11th Cir. 2022), and an ALJ does not have to "explain why good cause exists to disregard the treating source's opinion." *Matos v. Comm'r of Soc. Sec.*, No. 21-11764, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022). The ALJ must now determine the persuasiveness of medical opinions by considering supportability, consistency, treatment relationship, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(c)(5). The ALJ must articulate how the supportability and consistency factors were considered for a medical source's opinions or prior administrative medical findings, but an ALJ need not articulate how the remaining factors were considered unless there are equally persuasive medical opinions or prior administrative medical findings. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ will consider one or more medical opinions or prior administrative medical findings from the same medical source together using the above factors, and the ALJ need not articulate how he or she considered each opinion or finding. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

On October 28, 2021, Dr. Alberts evaluated Mr. Ashmore and completed a medical source assessment. (Tr. 705–13). Dr. Alberts opined Mr. Ashmore "put forth good effort," was "logical and coherent" throughout his evaluation

7

and exhibited "[a]ttention and concentration [] within broad normal limits." (Tr. 711–12). After administering several subtests of the Wechsler Adult Intelligence Scale–Fourth Edition (WAIS-IV), Dr. Alberts found Mr. Ashmore had "[s]uperior range of intellectual functioning" but showed a "significant deficit in the cluster of subtests measuring processing speed." (Tr. 712). Dr. Alberts further found Mr. Ashmore had moderate limitations in a range of work-related mental abilities, marked limitation in the ability to make judgments on complex work-related decisions, and extreme limitation in responding appropriately to usual work situations and to changes in a routine work setting. (Tr. 706–07).

The ALJ found Dr. Alberts's opinion "generally persuasive, as it is overall consistent with the ability to perform unskilled work with some limitations interacting with others in the workplace." (Tr. 21). The ALJ concluded Dr. Alberts's evaluation showed "overall normal mental status examination findings, including normal memory, concentration/attention, and thought process; and is consistent with the record as a whole, which also includes similar normal mental status examination findings." (*Id.*). However, the ALJ concluded Dr. Alberts's finding of "extreme limitations in the ability to respond appropriately to usual work situations and to changes in a routine work setting unpersuasive, as it is not supported with the examination nor

8

consistent with the record as a whole." (Tr. 22). The ALJ found these extreme limitations inconsistent with the fact that Mr. Ashmore "manages his medications and mental health appointments, does graphic design and sound engineering, and manages his activities of daily living overall independently and normally." (*Id.*).

As the Commissioner notes, the ALJ found Mr. Ashmore "raised no complaints of difficulty with memory" and referenced multiple other reports of medical evidence establishing a history of Mr. Ashmore generally taking his medications and appearing for mental health appointments. (Doc. 24, p. 7) (*citing* (Tr. 543, 556, 573, 584, 642, 678, 680, 687, 689, 703, 711)). Mr. Ashmore requests the court reweigh the medical evidence in his favor, something it cannot do. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (citations omitted). The ALJ's conclusion that Dr. Alberts's medical opinions were generally persuasive is supported by substantial evidence.

The ALJ evaluated the state agency psychological consultants' prior administrative medical findings and found them persuasive. (Tr. 22, 93–97, 106–09). The ALJ explained that Dr. Prickett and Dr. Wiener supported their findings with explanation and citation to the Mr. Ashmore's medical record, and their findings were consistent with the evidence showing improvement with treatment, normal mental status findings, and daily activities. (*See* Tr.

22, 42–43, 50–51, 93–97, 106–09, 556, 543, 545, 557–58, 573, 584, 586, 642, 678, 680, 687, 689, 703, 711–12).

Mr. Ashmore erroneously indicates that summary conclusion ratings from the state agency consultants would require additional limitations in the RFC. (Doc. 22, p. 9). Mr. Ashmore references the state agency consultants' statements that Mr. Ashmore would need an understanding supervisor. (Doc. 22, p. 9). However, an ALJ need not include every limitation opined by a doctor in the RFC even if a prior administrative medical finding is found to be persuasive. *Sanders v. Comm'r of Soc. Sec.*, No. 2:20-cv-788-NPM, 2022 WL 970181, at *6 (M.D. Fla. Mar. 31, 2022) ("But finding an opinion persuasive does not mean it is controlling.").

Mr. Ashmore points to "moderate" ratings in the state agency form about ability to complete a workday or workweek, perform at a consistent pace, respond to changes or set goals, and make plans independently, indicating the ALJ should have accommodated these ratings in the RFC. (Tr. 95–96, 121–24). However, these are not findings of limitations by the state agency consultants, or even "paragraph B" ratings. The state agency form indicates the narrative portion contains the functional limitations found by the state agency consultants. (Tr. 95, 121). The summary conclusion ratings are "merely a worksheet to aid in deciding the presence and degree of functional limitations

10

and the adequacy of documentation and does not constitute the RFC assessment." Program Operations Manual System (POMS) DI § 24510.060(B)(2)(a), (4); *see also Land v. Comm'r of Soc. Sec.*, 494 F. App'x 47, 49 (11th Cir. 2012) (explaining the POMS show summary conclusions ratings are not an RFC assessment). The summary conclusion ratings are not prior administrative medical findings as defined in the regulations, 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5), and an ALJ does not have to include the rating in the RFC. *See Land*, 494 F. App'x at 49.

Substantial evidence supports the ALJ's consideration of the medical opinions of Dr. Alberts and the state agency psychologists Dr. Prickett and Dr. Wiener in reaching his RFC assessment.

### 2. Whether the ALJ properly evaluated Mr. Ashmore's RFC.

Mr. Ashmore argues the ALJ's RFC assessment fails to account for all Mr. Ashmore's symptoms and limitations. (Doc. 22, pp. 12–18). In support of his contention, Mr. Ashmore cites to general statistics about autism and claims his "waxing and waning symptoms of [his] bipolar disorder, anxiety disorder, and panic disorder" demand more strict RFC limitations. (*Id.*).[4] Mr. Ashmore

---

[4] Mr. Ashmore also argues the ALJ's "mental RFC determination is flawed" because "the ALJ failed to properly consider the opinion of Dr. Alberts and the opinions of [Dr. Prickett and Dr. Wiener]." (Doc. 22, p. 12). The court need not reconsider this

11

also argues the ALJ's reliance on VE testimony was error because the ALJ's hypothetical questions to the VE were informed by Mr. Ashmore's allegedly faulty RFC. (*Id*. at p. 18).

A claimant's RFC is the most he can still do despite his limitations and is based on all the relevant evidence in the case record, including medical history, medical reports, medical source statements, and descriptions of limitations from the claimant and others. 20 C.F.R. §§ 404.1545(a), (a)(3), 416.945(a), (a)(3). Here, the ALJ found Mr. Ashmore had no exertional limitations but had several mental limitations. (Tr. 14).

Social Security Ruling (SSR) 96-8p requires an ALJ to describe how the evidence supports his conclusions; discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis; consider and address medical opinions; and evaluate subjective complaints. *See* SSR 96-8p, 61 Fed. Reg. 34474-01, 1996 WL 374184, at *7 (July 2, 1996). An ALJ satisfies the specificity obligations of SSR 96-8p by discussing a claimant's impairments and thereafter expressing a claimant's RFC in vocationally relevant terms. *Carson v. Comm'r of Soc. Sec.*, 440 F. App'x 863, 864 (11th Cir. 2011). Even when the ALJ could have been "more specific

---

argument because the court has already concluded the ALJ adequately considered the medical opinions of Dr. Alberts, Dr. Prickett, and Dr. Wiener.

and explicit" in his findings about a claimant's functional limitations and work-related abilities on a function-by-function basis, he nonetheless meets the requirement under SSR 96-8p if he considered all the evidence. *Freeman v. Barnhart*, 220 F. App'x 957, 959 (11th Cir. 2007).

The ALJ determined Mr. Ashmore's RFC "[a]fter careful consideration of the entire record," evaluation of the medical opinions, prior administrative medical findings, and subjective testimony. (Tr. 14–22). The ALJ supported the RFC assessment by discussing objective medical findings (e.g., euthymic mood, fair insight, and judgment; cooperative; understandable speech; pleasant; logical and coherent thought process; superior range of intelligence; normal memory; normal concentration/attention); Mr. Ashmore's treatment history (conservative treatment and improvement with treatment); Mr. Ashmore's daily activities (e.g., work activity; volunteering; graphic design; writing; photography; video games; sound engineering; playing instruments; travelling; having friends; living independently with his cousin; shopping; and household/yard chores), and the medical opinion evidence and state agency psychological consultants' prior administrative medical findings. (Tr. 15–22). The ALJ specifically discussed evidence of conservative treatment, normal mental status findings, and daily activities, as well as noting the opinions and prior administrative medical findings were consistent with RFC limitations.

13

(Tr. 21–22). The ALJ thus complied with SSR 96-8p.

The ALJ acknowledged the oscillating severity of Mr. Ashmore's symptoms from his bipolar disorder, anxiety disorder, and panic disorder, but found Mr. Ashmore exhibited "improvement in his symptoms with prescribed medications" such that his "mental status examinations have been overall normal throughout the period at issue other than some poor to fair insight and judgment when noncompliant with medications." (Tr. 20). At its worst, the ALJ noted Mr. Ashmore's disorders required "no emergency room visits or inpatient mental health treatment" beyond therapy that Mr. Ashmore unexplainedly stopped during the latter half of 2020. (*Id.*).

Mr. Ashmore further argues the ALJ's RFC assessment does not accurately account for his autism limitations, relying in part on a secondary source about autism spectrum disorder. (*See* Doc. 22, 13–14). This information that is not about Mr. Ashore specifically and was not before the ALJ. *See Valdez v. Comm'r of Soc. Sec.*, 808 F. App'x 1005, 1009–10 (11th Cir. 2020) ("We review only whether the ALJ's decision was supported by substantial evidence, and 'we will look only to the evidence actually presented to the ALJ.'" (quoting *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998)). Mr. Ashmore's diagnosis of autism spectrum disorder does not undermine the ALJ's findings. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005) (explaining the

mere diagnosis of impairments "does not reveal the extent to which they limit her ability to work or undermine the ALJ's [RFC] determination") (citation omitted).

The hypothetical presented to the VE included the limitations in the RFC, and the RFC was supported by substantial evidence. (Tr. 14, 52–53). The VE testified in response to a complete hypothetical. *Ingram v. Comm'r of Soc. Soc.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (explaining an ALJ must pose a hypothetical question which comprises all the claimant's impairments for a VE's testimony to constitute substantial evidence). Thus, substantial evidence supports the ALJ's conclusion that Mr. Ashmore can perform work that exists in significant numbers in the national economy.

### 3. Whether the ALJ properly evaluated Mr. Ashmore's subjective complaints and his mother's statements.

Mr. Ashmore argues the ALJ failed to properly consider Mr. Ashmore's subjective complaints and the statements of Mr. Ashmore's mother. (Doc. 22, pp. 18–20). In response, the Commissioner contends the ALJ properly found Mr. Ashmore's subjective complaints unsupported for the reasons explained in the decision and properly considered other third-party statements. (Doc. 24, pp. 21–29).

The Eleventh Circuit pain standard requires: (1) evidence of an

underlying medical condition: and, either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such a severity it can be reasonably expected to give rise to the alleged pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). If the claimant has met the pain standard, the ALJ still considers the intensity, persistence, and limiting effects of a claimant's pain. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). The Eleventh Circuit has recognized the Commissioner's regulations at 20 C.F.R. §§ 404.1529, 416.929, are consistent with its pain standard, and the ALJ need not quote the pain standard verbatim if he applies it. *Wilson*, 284 F.3d at 1225–26. A court "will not disturb a clearly articulated" finding about subjective complaints supported by substantial evidence. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

Here, the ALJ found Mr. Ashmore's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Mr. Ashmore's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in the decision." (Tr. 20). The ALJ then discussed the objective medical evidence, evidence of treatment history, and Mr. Ashmore's own statements about

symptoms and daily activities. (Tr. 20–22).

The ALJ noted that during the relevant period, Mr. Ashmore had regular medical management follow-ups and was "repeatedly told he could return sooner if he had any problems or concerns, [but] he did not have any additional visits." (*See* Tr. 20, 574, 576, 585, 587, 643). Mr. Ashmore "had no emergency room visits or inpatient mental health treatment." (Tr. 20). The ALJ acknowledged that Mr. Ashmore was seen in May 2020 outside of normal follow-ups due to his grandmother's death and noted Mr. Ashmore had a normal grieving response. (*See* Tr. 20, 543, 545). Mr. Ashmore reported symptoms of depression, anxiety, mood swings, and mania, but he also reported his symptoms improved with prescribed medication, reported feeling "good" on several occasions. (*See* Tr. 20, 543–44, 545, 573, 584, 586, 601, 642, 678, 685).

Mr. Ashmore's anxiety was generally maintained on Abilify with Vistaril, which was substituted for Vraylar in March 2021. (Tr. 20, 680). Mr. Ashmore reported "improved symptoms at times and worsening at other times," but his "mental status examinations have been overall normal throughout the period at issue other than some poor to fair insight and judgment when noncompliant with medications." (*See* Tr. 20, 543, 545, 557–58, 573, 584, 586, 642, 678, 680, 687, 689, 703). Mr. Ashmore's "consultative

mental status examination findings were also overall normal." (Tr. 20, 711–12).

The ALJ noted Mr. Ashmore's "own reports suggest overall independent normal activities of daily living, including hygiene and grooming, household and yard chores, laundry, simple meal preparation, shopping, and caring for his dogs." (*See* Tr. 20, 42–43, 50–51, 347, 543, 556, 573, 584, 642, 680, 687, 689, 703, 711). The ALJ also noted Mr. Ashmore lived "independently with a family member and there is no evidence that he receives help from others except for transportation." (Tr. 21, 42–43, 556). Mr. Ashmore testified about difficulties with concentration and focus that made him switch what he did every five minutes; "[h]owever, he reported activities/hobbies/work that require a high level of focus/concentration, including sound engineering, designing graphics, creating music, playing instruments, writing, photography, playing video games. He also reported he enjoys hiking, canoeing, and being out in nature." (Tr. 22, 42–43, 556, 661, 771). Further, there had been no abnormalities with concentration/paying attention on mental status examination. (*See* Tr. 21, 543, 545, 557–58, 573, 584, 586, 642, 678, 680, 687, 689, 703, 711-12).

Treatment notes revealed Mr. Ashmore worked and volunteered.[5] (Tr.

---

[5] Mr. Ashmore worked at a warehouse for three months until his grandmother died. (Tr. 556, 710).

18

21, 556, 662, 710); *See Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 808 (11th Cir. 2013) ("Even if a claimant's current employment status is not at the level of [substantial gainful activity], it may indicate that she is able to do more work."). Mr. Ashmore asserted difficulty being around crowds and self-isolating, but there was little evidence of reporting such difficulties to mental health providers, he reported having friends, and examinations consistently noted he was pleasant and cooperative. (*See* Tr. 21, 556, 543, 545, 557–58, 573, 584, 586, 642, 678, 680, 687, 689, 703, 711–12).

Mr. Ashmore argues the ALJ did not sufficiently address his mother's third-party report. However, the ALJ specifically considered the report from Mr. Ashmore's mother and directly contrasted the report with evidence from the consultative examiner. (Tr. 15, 21). In addition, Mr. Ashmore's mother provided essentially cumulative information to that provided by Mr. Ashmore in his testimony and other subjective reports, which the ALJ discounted. (Tr. 15–22); *Clyburn v. Comm'r, Soc. Sec. Admin.*, 555 F. App'x 892, 894–95 (11th Cir. 2014) ("Nor did the ALJ err by not explicitly discussing statements contained in an affidavit by Clyburn's sister."); *De Olazabal v. Soc. Sec. Admin., Comm'r*, 579 F. App'x 827, 832 (11th Cir. 2014) (holding ALJ was not required to discuss report of claimant's husband because report was merely cumulative).

19

The ALJ considered the relevant medical evidence, including the statements of Mr. Ashmore and his mother, and properly concluded Mr. Ashmore could perform a full range of work with some non-exertional limitations. (Tr. 15–22). Thus, remand is not required.

## IV. CONCLUSION

Accordingly, the Commissioner's decision is **AFFIRMED.** The Clerk of Court is directed to enter judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida on August 22, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge